UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| PRESTON BRYSON, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6:18-CV-335-CHB |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER DENYING HABEAS PETITION** |
| Respondent. | ) |
| | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Preston Bryson is a prisoner confined at the Federal Correctional Institution ("FCI")-Manchester, located in Manchester, Kentucky. Proceeding without a lawyer, Bryson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. [R. 1] Although there was a delay in his submission of the $5.00 filing fee, his filing fee has now been paid. [R. 9]

Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

In September 2016, Bryson was charged in an indictment issued by a grand jury sitting in the United States District Court for the Western District of Tennessee with being a felon in

-1-

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) and (e) (Count 1). *See United States v. Bryson*, Case No. 1:16-cr-10099-JDB (W. D. Tenn.) at [R. 2], Indictment.  In April 2017, pursuant to a plea agreement with the United States, Bryson pled guilty to Count 1. *Id*. at [R. 19; R. 21].  With respect to an agreed-upon sentence, the plea agreement provides that:

> 3.  This plea is being made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  If the defendant is determined to be an armed career criminal, the parties agree that the appropriate sentence in this case is 180 months incarceration.  If the Court should not sentence the defendant to the recommended sentence, then the defendant will be allowed to withdraw his guilty plea and the United States will be released from the terms of the agreement.
>
> 4.  If the defendant is determined not to be an armed career criminal, then the parties agree to recommend a sentence at the low end of the United States Sentencing Guidelines as determined by the Court.

*Id*.  The plea agreement also contains a waiver provision, pursuant to which Bryson agreed to waive his right to appeal any sentence imposed unless the sentence exceeds the statutory maximum or is the result of an upward departure from the guideline range established by the Court at sentencing. *Id*.[1]

In July 2017, Bryson was sentenced to a term of imprisonment of 180 months on Count One, to be served concurrently with sentences imposed by a Tennessee state court. *Id*. at [R. 29], Redacted Judgment.  Bryson did not appeal his conviction or sentence, nor has he filed any motions for post-conviction relief pursuant to 28 U.S.C. § 2255.

---

[1] Although it is not clear from the terms of the agreement itself whether this waiver also precludes Bryson from collaterally attacking his sentence in a later proceeding, in a Memorandum to the District Court urging the Court to accept the plea agreement and the agreed-upon sentence, Bryson's counsel indicated that it did, explaining that, "[i]n exchange for the foregoing [recommended sentence of 180 months imprisonment], Mr. Bryson has waived his appellate rights, and his rights to collaterally attack his sentence, except in very limited circumstances." *Id*. at R. 24, p. 3.

In his petition, Bryson contends that the phrase "serious drug offense" found in 18 U.S.C. § 924(e)(1) is unconstitutionally vague under the Fifth Amendment in light of the Supreme Court's recent decision in *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018).[2] He also asserts that his right under the Sixth Amendment to effective representation by counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) was denied when his attorney failed to challenge the enhancement of his sentence on this ground. Bryson asserts that he may pursue these claims in a § 2241 petition in light of the Sixth Circuit's decision in *Hill v. Masters*, 836 F. 3d 591 (2016). [R. 1, 1-1]

However, Bryson's petition must be denied. First, to the extent that Bryson waived his right to collaterally attack his sentence in his plea agreement, such waivers are enforceable to preclude collateral attacks in habeas proceedings under § 2241. *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Bryant*, 663 F. App'x 420 (6th Cir. 2016). *See also Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Muse v. Daniels*, 815 F. 3d 265, 267 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of

---

[2] Bryson's argument addresses only the perceived vagueness of the words "serious drug offense" found in 18 U.S.C. § 924(e)(1); he does not acknowledge or address the statutory definition of that phrase found in 18 U.S.C. § 924(e)(2)(A)(i), (ii).

coram nobis."). Here, Bryson bargained for a recommendation of a sentence of 180 months by the United States, as well as an agreement to recommend a three-level reduction from the total offense level for acceptance of responsibility, by agreeing to the terms of a plea agreement which included a waiver of his right to appeal. *United States v. Bryson*, Case No. 1:16-cr-10099-JDB (W. D. Tenn.) at [R. 21; R. 24].

However, even putting this waiver aside, Bryson is still precluded from relief because he may not assert his claim in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). In other words,

prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

Bryson's claims fail to satisfy at least the first and third requirements. Bryson was sentenced to an agreed-upon sentence in 2017, long after *Booker* was decided. *See Contreras v. Ormond*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018) (petitioner did not fall within the narrow exception recognized by *Hill* because he was sentenced post-*Booker* in 2009, under the advisory sentencing guidelines). In addition, Bryson's substantive claim under *Dimaya* is that the enhancement of his sentence under § 924(e)(1) is unconstitutional under the Fifth Amendment because the phrase "serious drug offense" is impermissibly vague. This claim does not hinge upon a Supreme Court decision of statutory interpretation: it is a constitutional claim that – like a claim under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) – must be asserted if at

all pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016) (holding that *Johnson* (2015) is retroactively applicable to cases on collateral review, and hence can be asserted as a ground for relief in a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2)); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). *See also Rosello v. Warden F.C.I. Allenwood*, 735 F. App'x 766, 768 n.5 (3d Cir. 2018) (holding that claims under *Johnson* and *Dimaya* are "precisely the type of constitutional claim[s] that can be pursued in a second or successive § 2255 motion"); *Kniebes-Larsen v. United States*, Civ. No. 18-1261 (JNE/BRT), 2018 WL 6204966, at *2-3 (D. Minn. Oct. 2, 2018). Bryson's constitutional claim is of the kind that can be asserted under § 2255, and thus that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss v. Davis*, 115 F. App'x at 773-74; *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Likewise, Bryson's claim that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment is a constitutional claim of ordinary trial error which could, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).

Accordingly, it is hereby **ORDERED** as follows:

1. Bryson's petition for a writ of habeas corpus **[R. 1]** is **DENIED**.
2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This the 5th day of August, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY